United States District Court
Southern District of Texas
**ENTERED**
February 19, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES SHELBY NAVARRO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-4501 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, et al., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to dismiss filed by defendant McCarthy & Holthus, LLP ("McCarthy). Dkt. 10. Plaintiff James Shelby Navarro did not respond to the motion. McCarthy filed a verified denial with its answer on February 3, 2018. Dkt. 3. In the verified denial, it asserts that Navarro's claims against it should be dismissed pursuant to Texas Property Code § 51.007 because it was named in its capacity as a substitute trustee and is not a necessary party to this case. *Id.* Navarro never responded to the verified denial. Under Texas Property Code § 51.007, the "trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial . . . ." Tex. Prop. Code Ann. § 51.007(a). The plaintiff must then, if it wishes to rebut the trustee's assertion, file a verified response within thirty days. Tex. Prop. Code Ann. § 51.007(b). If the plaintiff fails to do so, "the trustee *shall* be dismissed from the suit or proceeding without prejudice." Tex. Prop. Code Ann. § 51.007(c) (emphasis added). McCarthy thus seeks dismissal pursuant to section 51.007. Dkt. 10. Its motion was filed as a "motion to dismiss for failure to state a claim." *See id.*

First, the court takes note that under *Erie*, federal courts follow federal procedural rules, not state procedural rules. *See All Plaintiffs v. All Defendants*, 645 F.3d 329, 335 (5th Cir. 2011).

However, several federal district courts in Texas have applied the procedural provisions of section 51.007. *See, e.g.*, *Roberson v. Bank of N.Y. Mellon*, No. 3:17-CV-00190, 2018 WL 2446593 (S.D. Tex. May 30, 2018) (adopting a Magistrate Judge's recommendation to dismiss the claims against a trustee under the Texas statute); *Claudio D. v. Countrywide KB Home Loans*, No. 3:14-CV-3969-K, 2015 WL 5164812, at *15 (N.D. Tex. Sept. 1, 2015) (collecting cases) ("Although this state rule is procedural in nature, district courts in the Fifth Circuit have dismissed the trustee named in a deed of trust or other security instrument who has followed the procedures outlined in Section 51.007 and where the other party failed to file a verified response.").

Here, the court finds there is no need to apply state procedural rules. McCarthy filed its motion to dismiss as a "motion to dismiss for failure to state a claim." *See* Dkt. 10. Under the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim is analyzed under Rule 12(b)(6) or 12(c). Under either rule, when a defendant moves to dismiss for failure to state a claim, the court accepts all the factual allegations contained in the complaint as true, and it dismisses the case if the allegations are insufficient to raise a right to relief above a speculative level or if the claims are implausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955 (2007). Because McCarty moved to dismiss for failure to state a claim, the court will consider its motion under this standard.

Navarro's state court petition alleges that "U.S. Bank caused Defendant Substitute Trustee McCarty & Holthus, LLP, under the Deed of Trust to conduct a nonjudicial foreclosure sale of the Property on August 7, 2018." Dkt. 1-5. McCarthy's motion seeks dismissal under section 51.007. *See* Dkt. 10. Under section 51.007(f), a "trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." Tex. Prop. Code Ann. § 51.007(f).

2

While the subsections of section 51.007 requiring a court to dismiss in certain circumstances are state procedural law, subsection 51.007(f) is clearly substantive. The facts stated in the petition do not state a claim for which relief can be granted because the trustee cannot be liable under subsection 51.007(f) under the facts asserted. Because the petition does not state a claim upon which relief can be granted against McCarthy, McCarthy's motion to dismiss is GRANTED. The claims asserted against McCarthy are DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on February 19, 2019.

_____
Gray H. Miller
Senior United States District Judge